IN THE UNITED STATES DISTRICT COURT
*FOR THE SOUTHERN DISTRICT OF OHIO*
*EASTERN DIVISION*

Jeffrey D. Cottrell
12496 Baker Rd.
St. Louisville, OH  43071
                    *Plaintiff,*                    Civil Action No.:

*-vs-*                                              Judge:

Sonny Perdue, Secretary                             Magistrate:
U.S. Department of Agriculture
Office of General Counsel
Sterling Centre, Suite 205
Montgomery, AL 36106-2872

          *and*

David DeVillers
United States District Attorney for the
Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, OH 43215

          *and*

William Barr
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue
NW Washington, DC 20530-0001

          *and*

c/o Assistant Attorney General for Administration
U.S. Department of Justice
Justice Management Division
950 Pennsylvania Avenue, NW
Room 1111
Washington, DC 20530

## COMPLAINT

### (With Jury Demand Endorsed Hereon)

*Jurisdiction and Venue*

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346(b), as well as 5 U.S.C. §§ 552, 702, 704, and upon the principles of pendant jurisdiction.

2. Venue of this action is appropriate in this district pursuant to 28 U.S.C. § 1391.

*Parties to the Proceedings and other Relevant Parties*

3. Plaintiff Jeffrey D. Cottrell (hereinafter "Plaintiff") resides at  12496 Baker Rd. St. Louisville, OH  43071, and for all relevant periods has been a resident of Knox County and Coshocton County, Ohio and has been an operator of farms in excess of 1000 acres located in Knox County and Coshocton County, Ohio.

4. Defendant Sonny Perdue (hereinafter "Secretary Perdue") is United States Secretary of Agriculture, duly appointed, qualified, and acting, and as such is charged with the supervision and control of the Department of Agriculture (hereinafter the "USDA"), and correspondling agencies, including, but not limited to, the Agricultural Stabilization and Conservation Service (hereinafter "ASCS") and the state and county committees administering the ASCS, including the Ohio State ASCS Committee and the Coshocton County ASCS Committee, the Farmers Home Administration (hereinafter "FmHA"), and the successor entity the Farm Service Agency (herinafter "FSA"), the Soil Conservation Service (hereinafter "SCS") and its successor the Natural Resourse Conservation Service (hereinafter "NRCS").

5.  Defendant David DeVillers is the United States District Attorney for the Southern District of Ohio.

6.  Defendant William Barr is the United States Attorney General.

*Allegations*

7.  Plaintiff, Jeffrey Cottrell began farming in 1983 as a minor.

8. Over the course of the next 37 years, plaintiff engaged in a series of interactions with various agencies of the USDA and the Department of Justice.

9. These interactions occurred in both Knox County and Coshocton County and included a host of agencies under the umbrella of the Department of Agriculture.

10.  Among the agencies involved with the activities of the plaintiff were the FhMA, the ASCS, the SCS, the FSA and other agencies under the umbrella of the USDA.

11.  During the 1980's and 1990s, the U.S. Department of Justice began criminal investigations of the plaintiff and communicated the nature of these investigations to others.

12.   The investigations involved allegations in and among the Office of the US District Attorney, the USDA the FmHA, the ASCS, the FSA, the SCS and local banks.

13.   Over the past 20 years, Plaintiff has pursued a series of requests pursuant to the Privacy Act and the Freedom of Information Act (FOIA) to both the USDA and the Department of Justice.

14.   Among many other requests, many of Plaintiff's requests were rejected pursuant to administrative appeal on October 10, 2014.

15.   Many FOIA requests have been ignored and are still outstanding such as FOIA request 2017-ASCR-30-FP.

16.   Over the past 30 years, the United States has never completely complied with any FOIA request by Plaintiff.

**Count I**

**Equitable Relief Against Secretary Perdue and the USDA**

17.   Plaintiff realleges the allegations set forth in paragraphs 1 through 13 of his Complaint as if fully set forth herein.

18.   Plaintiff requests that all documents and communications of the USDA or its agencies involving or naming Jeffrey Cottrell over the past 40 years be disgorged in full without redaction.

**Count 2**

**Equitable Relief Against Secretary Perdue and the USDA**

19.   Plaintiff realleges the allegations set forth in paragraphs 1 through 13 of his Complaint as if fully set forth herein.

20.   Plaintiff requests that every document and every communication held in every file of the various agencies of the USDA even remotely related to the plaintiff be disgorged in full without redaction.

**Count 3**

**Equitable Relief Against Secretary Perdue and the USDA**

21.   Plaintiff realleges the allegations set forth in paragraphs 1 through 13 of his Complaint as if fully set forth herein.

22.   Plaintiff requests that every document and every communication held in every file of the various agencies of the USDA even remotely related to the plaintiff including files and all communications relating to properties that were mislabeled and properties that were identified to

various heirs of Lucille Stuller and to various entities or fictious entities involving those properties and all notes, annotations and communications between and among the several agencies of the US government and the heirs of Lucille Stuller be disgorged in full without redaction.

**Count 4**

**Equitable Relief Against the US Department of Justice**

23. Plaintiff realleges the allegations set forth in paragraphs 1 through 31 of his Complaint as if fully set forth herein.

24.  Plaintiff requests that all documents over the past 40 years, including internal and external communications regarding or referencing plaintiff in any way be disgorged in full without redaction.

WHEREFORE, Plaintiff demands the following:

The Court enter judgment for Plaintiff and against Secretary Perdue and the Department of Justice as follows:

*Count I, II & III:*  That Secretary Perdue disgorge all documents relating to plaintiff, including documents held in his files and internal and external communications without redaction.

*Count IV:*  That the Attorney General disgorge all documents relating to plaintiff, including documents held in his files and internal and external communications without redaction.

*All Counts:*  That Plaintiff be awarded statutory damages, plus all costs and attorney's fees incurred herein;

The Court grant such other and further relief as is available at law or equity.

*Respectfully submitted,*

s/Clyde C. Kahrl

Clyde C. Kahrl          No: 0081496
*Trial Attorney for Plaintiff Cottrell*
6 S. Edgewood Rd.
Mt. Vernon, Ohio 43050
(740-507-5997

JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable in the within matter.

        /s Clyde C. Kahrl
          Clyde Kahrl          No: 0081496
          *Trial Attorney for Plaintiff Cottrell*