## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY D. COTTRELL,** | : | |
| | : | **Case No. 2:20-cv-5354** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **DAVID M. DEVILLERS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Defendants' Sonny Purdue, former Secretary of the USDA, David DeVillers, former United States Attorney for the Southern District of Ohio, and William Barr, former United States Attorney General ("Defendants") Motion to Dismiss. (ECF No. 11). For the reasons set forth below, the Court **DENIES** Defendants' Motion to Dismiss pursuant to 12(b)(1); **GRANTS** Defendants' Motion to Dismiss pursuant to 12(b)(5); **DENIES as MOOT WITHOUT PREJUDICE** Defendants' Motion to Dismiss pursuant to 12(b)(6) (*Id.*).

### I.   BACKGROUND

#### A.  Factual Background

Jeffrey D. Cottrell operates several farms in Knox and Coshocton counties that in aggregate exceed 1,000 acres. (ECF No. 1 at 2). Since he began farming in 1983, Cottrell has interacted with various agencies under control of the United States Department of Agriculture ("USDA") as well as the Department of Justice ("DOJ"). (*Id.*). During the 1980's and 1990's, the DOJ initiated criminal investigations of Cottrell. These investigations involved allegations by the US Attorney, USDA, the Farmers Home Administration (FmHA) and its successor agency the Farm Service

Agency ("FSA"), the Soil Conservation Service ("SCS") and its successor agency National Resource Conservation Service ("NCRS"), as well as local financial institutions. (*Id.* at 3).

In the meantime, Cottrell has initiated several requests under the Privacy and Freedom of Information Acts ("FOIA"). (*Id.*). Cottrell alleges that these requests were unlawfully rejected, ignored, or otherwise insufficiently satisfied. (*See id.*). On October 12, 2020, Cottrell filed suit. (*See id.*).

### B. Procedural Background

Cottrell filed his Complaint against Sonny Purdue, former Secretary of the USDA, David DeVillers, former United States Attorney for the Southern District of Ohio, and William Barr, former United States Attorney General ("Defendants"). Pursuant to 5 U.S.C. §§ 552, 702, and 704 he asserts four separate counts seeking all documents and communications—even if remotely related—involving him as well as properties identified as belonging to the heirs of Lucille Stuller to be "disgorged in full without redaction." (*Id.* at 4). Specifically, he seeks documents from the DOJ as well as various agencies under the control of USDA.

On April 29, 2021, Defendants filed their Motion to Dismiss. (ECF No. 11). Plaintiff timely filed its Response in Opposition (ECF No. 12) and Defendants timely filed their Reply (ECF No. 13). This matter is now ripe for adjudication.

### II. STANDARD OF REVIEW

When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). Federal Rule of Civil Procedure 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties: (1) a facial attack; or (2) a factual attack. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320,

325 (6th Cir. 1990) (identifying the two types of 12(b)(1) motions to dismiss). Facial attacks on subject matter jurisdiction "merely question[ ] the sufficiency of the pleading." *Id.* A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Id.* The Court will grant a Rule 12(b)(1) motion to dismiss if, taking all the plaintiff's allegations as true, the court is without subject matter jurisdiction to hear the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In a factual attack on subject matter jurisdiction, a court "must ... weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id. See also Nat'l Assoc. of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). The Court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins.*, 922 F.2d at 325 (citations omitted). The Court may consider such evidence without turning the motion into one for summary judgment. *Id.* The plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence when the defendant challenges subject matter jurisdiction under Rule 12(b)(1).

Rule 12(b)(5) provides that an action may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The requirements for service of process are provided in Rule 4 of the Federal Rules of Civil Procedure. A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Government*, 18 Fed. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Courts may look to "record evidence" and "uncontroverted affidavits" to determine whether plaintiffs have met this burden. *Pension Ben. Guar. Corp. v. Uforma/Shelby Bus. Forms, Inc.*, 2014 WL 221941, at *2 (S.D. Ohio 2014). "A district court judgment dismissing a complaint for failure to effect timely service of process" is reviewed under the abuse of discretion standard.

*Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

### III.    LAW & ANALYSIS

Defendants move to dismiss Plaintiff's Complaint for a failure to effect service of process; lack of subject matter jurisdiction; and a failure to state a claim upon which relief can be granted. The Court begins its analysis with Defendants' challenge of this Court's subject matter jurisdiction and continues with Plaintiff's alleged failure to effect service of process.  Because the service of process issue is dispositive, the Court need not reach the Defendants' motion to dismiss for Plaintiff's failure to state a claim upon which relief can be granted

### A.  12(b)(1): FOIA

Defendants argue that Plaintiff has not demonstrated that this Court has jurisdiction to hear his claims.  First, relying on *Stewart v. U.S. Dep't of Veterans Affs.*, Defendants maintain that Plaintiff has not demonstrated "that an agency has (1) improperly (2) withheld (3) agency records" as they assert is required under FOIA.  (ECF No. 11 at 7) (citing No. 1:13 CV 494, 2013 WL 4758034, at *3 (N.D. Ohio Sept. 4, 2013)).  Instead of identifying the requests he made, Defendants aver that Plaintiff simply lodges vague allegations that various agencies, including the USDA and DOJ, illegally refused his requests.  (*Id.* at 9).  Second, Defendants argue that Plaintiff failed to exhaust administrative remedies prior to seeking judicial review.  (*Id.*).  According to Defendants, either is an independent bar to this Court's jurisdiction.

Plaintiff responds by contesting that the specificity the government urges is not necessary.  Although he does not explicitly agree to the jurisdictional requirement articulated by Defendants, Plaintiff contends he has nonetheless satisfied them.  (*See* ECF No. 12 at 4).  Specifically, Plaintiff asserts that he alleged the USDA improperly withheld agency records.  (*Id.*).  Plaintiff also contends that the government's claimed lack of notice is belied by the two examples he gave in his complaint: (1) a rejection of an appeal; and (2) a specific numbered request the agency ignored.  (*Id.*).  The Court will address the bases of dismissal offered by Defendants in turn.

### 1.  FOIA

Federal subject matter jurisdiction does not turn on a plaintiff's successful demonstration that an agency has improperly withheld records subject to FOIA.  *See Wagar v. U.S. Dept. of Justice*, 846 F.2d 1040, 1041, 1044 (6th Cir. 1988); *see also Citizens for Resp. & Ethics in Washington v. Off. of Admin.*, 566 F.3d 219, 225 (D.C. Cir. 2009); *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 568 (2d Cir. 2016).  As cogently explained in *Cause of Action Inst. v. Internal Revenue Serv.*, the "jurisdictional" statement in 5 U.S.C. § 552(a)(4)(B) relied on

by some litigants—including Defendants here—is better conceived as describing the court's remedial powers rather than its subject matter jurisdiction. *See* 390 F. Supp. 3d 84, 91 (D.D.C. 2019). To do otherwise, unnecessarily conflates the evaluation of the merits of the case with the court's power to hear that case. *See id.* at 98 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)) (federal courts must ensure that they have subject-matter jurisdiction before considering the merits of a case). Accordingly, "dismissal for lack of jurisdiction does not arise based merely on a plaintiff's alleged failure to present a complaint that contains plausible allegations concerning a claim's merits prerequisites…. Instead, ***that failure*** warrants dismissal on the grounds that the plaintiff has failed to state a cognizable claim." *Id.* at 99 (citing Fed. R. Civ. P. 12(b)(6)) (emphasis added).

The Sixth Circuit's decision in *Wagar v. U.S. Dept. of Justice* is consistent with this reading. 846 F.2d 1040 (6th Cir. 1988). There, the Sixth Circuit held that "[j]urisdiction lies in the district court under section 552(a)(4)(B) of the Act," despite finding that the agency records *were not* improperly withheld. *Id.* at 1044. Reconciling this apparent conflict in jurisdictional findings, the Sixth Circuit observed that the Supreme Court "set forth a comprehensive review of the legislative history and purpose of the FOIA" in *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 384–86 (1980). In *GTE*, the Supreme Court noted that:

> [t]he Freedom of Information Act gives federal district courts the ***jurisdiction to enjoin*** the agency from withholding agency records and to order the production of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). This section requires a showing of three components: the agency must have (1) improperly (2) withheld (3) agency records. *Kissinger v. Reporters Committee for Freedom of the Press* [445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980)].

*Wagar*, 846 F.2d at 1045 (citing *GTE Sylvania, Inc.*, 445 U.S. at 384–86) (emphasis added) (internal quotations omitted). Read this way, the term "jurisdiction" in 5 U.S.C. § 552(a)(4)(B) is

used to "erect[] the boundaries of a district court's remedial powers under the FOIA[.]" *Cause of Action Inst.*, 390 F. Supp. 3d at 99 (citing *Campaign for Accountability v. U.S. Dep't of Justice*, 278 F. Supp. 3d 303, 312 (D.D.C. 2017) (citations omitted), *aff'd*, 922 F.3d 480 (D.C. Cir. 2019); *and* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

Thus, a proper 12(b)(1) motion "in the FOIA context … addresses the remedial aspect of a federal court's authority." *Id.* at 91. Put differently, "Rule 12(b)(1) is the proper avenue by which a defendant may urge the court to dismiss a [FOIA] complaint on the grounds that it seeks a type of relief that the FOIA does not authorize." *Id.* (citing *Campaign for Accountability*, 278 F. Supp. 3d at 312).

Defendants assert a facial attack of Plaintiff's Complaint. Although they do not describe this tactic in so many words, they attack the specificity of Plaintiff's Complaint rather than offering a competing version of facts. In such circumstances, the Court will grant a Rule 12(b)(1) motion to dismiss if, taking all the plaintiff's allegations as true, the court is without subject matter jurisdiction to hear the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Paragraphs 13, 14, and 15 of the Complaint deal with Plaintiff's purported FOIA requests. There, the Complaint states that "[o]ver the past 20 years, Plaintiff has pursued a series of requests pursuant to the Privacy Act and the Freedom of Information (FOIA) to both the USDA and the Department of Justice." (Compl., ECF No. 1 at ¶ 13). Plaintiff continues stating that "many of [his] requests were rejected pursuant to administrative appeal on October 10, 2014." (*Id.* at ¶ 14). Others still, Plaintiff contends, were "ignored and still outstanding such as FOIA request 2017-ASCR-30-FP."

Thus, despite Defendants' insistence that Plaintiff failed to meet his pleading burden under 12(b)(1) because of a lack of specificity, this argument is better suited for a motion under 12(b)(6). Indeed, Defendants appear to acknowledge this possibility because in addition to asserting this defense under 12(b)(1), they also advance this argument under 12(b)(6). For the foregoing reasons, this Court finds it has subject matter jurisdiction regarding Plaintiff's claims and Defendants' Motion to Dismiss pursuant to 12(b)(1) for a lack of specificity is **DENIED**.

### 2. Administrative Exhaustion

The lone Sixth Circuit decision to address the requirement of administrative exhaustion under FOIA is *Reisman v. Bullard*, 14 F. App'x 377 (6th Cir. 2001). Relying on the Ninth Circuit's decision in *In re Steele*, the Sixth Circuit affirmed the district court's decision to dismiss the plaintiffs' Complaint for failure "to … exhaust[] their FOIA remedies." *Id.* (citing 5 U.S.C. § 552(a) and *In re Steele*, 799 F.2d at 465–66).

As a threshold issue, while unpublished opinions "may be instructive or helpful," they "carry no precedential weight." *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011) (quoting *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996)). Consequently, "[u]npublished decisions of [the Sixth Circuit] in any event are non-precedential and bind only the parties to those cases." *Sun Life Assurance Co. of Canada v. Jackson*, 877 F.3d 698, 702 (6th Cir. 2017) (citing *FDIC v. Dover*, 453 F.3d 710, 715 (6th Cir. 2006)). And while some district courts in this Circuit have decided exhaustion issues pursuant to *Reisman*, those choices do not compel this Court. *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2022 WL 469075, at *6 (E.D. Mich. Feb. 15, 2022) (citing *Camreta v. Greene*, 563 U.S. 692, 709 (2011)); *see also Gilbert v. Nat'l Emp. Benefit Companies, Inc.*, 466 F. Supp. 2d 928, 933 (N.D. Ohio 2006) (citing *Toledo Blade Newspaper*

*Unions-Blade Pension Plan v. Inv. Performance Servs., LLC*, 448 F. Supp. 2d 871, 873 (N.D. Ohio 2006)).

As recognized in *Sharkey v. Fed. Bureau of Investigation*, the decision in *Reisman* "represents the minority view, and that the majority of courts to consider the issue have concluded that exhaustion 'is a prudential consideration, not a jurisdictional prerequisite[.]'" No. 5:16-CV-837, 2017 WL 3336617, at *6 (N.D. Ohio Aug. 4, 2017) (citing *Flowers v. I.R.S.*, 307 F. Supp. 2d 60, 66 (D.D.C. 2004)); *see also Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1181 (10th Cir. 2011) ("We seize this opportunity for clarity by joining the majority of our sister circuits in concluding exhaustion under FOIA is a prudential consideration rather than a jurisdictional prerequisite.") (collecting cases). Therefore, because "[c]ourts generally dismiss suits on prudential grounds pursuant to Rule 12(b)(6) for failure to state a claim rather than Rule 12(b)(1) for lack of subject matter jurisdiction," this Court finds the Defendants' motion to dismiss for failure to exhaust better suited for analysis under 12(b)(6). *Id.* at 1182 (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 n. 3 (11th Cir. 1994)). Accordingly, Defendants Motion to Dismiss for failure to exhaust under 12(b)(1) is **DENIED**.

### B. 12(b)(5): Insufficient Service of Process

Defendants argue that this case must be dismissed because this Court lacks personal jurisdiction. Relying on *Simkins v. McIntosh*, No. 3:19-cv-227, 2020 WL 1929370, at *1 (S.D. Ohio 2020) and *Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991), Defendants assert that this Court is without personal jurisdiction because Plaintiff failed properly to serve Defendants. (ECF No. 11 at 5). Defendants maintain that Plaintiff's failure to effect proper service—here, by missing the deadline prescribed by Federal Rule of Civil Procedure 4(m)— "[a]bsent a showing of good cause" requires dismissal. (*Id.*) (citing *Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005)).

Plaintiff rejoins by arguing that his failure to perfect service is both harmless and moot. After conceding that he failed properly to serve Defendants, he argues that because Defendants "have entered an appearance … there is no prejudice." (ECF No. 12 at 5). Plaintiff attempts to bolster his position by also contending that because Defendants have entered an appearance, "the issue of service is moot." (*Id.*). Plaintiff offers both propositions without authority. (*See id.*).

Defendants dispute both assertions. First, relying on *Horn v. Dep't of Def.*, No. C-3-97-550, 1999 WL 33117271, at * 2 (S.D. Ohio Mar. 19, 1999) and *Moncrief v. Stone*, 961 F.2d 595, 596–597 (6th Cir. 1992), Defendants argue that the lack of harm occasioned by Plaintiff's failure to effect proper service is insufficient to excuse his duty. (ECF No. 13 at 4). Defendants also note that although Plaintiff made the required showing of "good cause" following his first failure to effect service, Plaintiff has not done so this time around. Second, Defendants argue that not only did Defendants *not* enter an appearance as asserted by Plaintiff, but also had they done so it would not have constituted "a waiver of a Rule 12 defense." (*Id.* at 5) (citing *Blessing v. Chandrasekhar*, 988 F.3d 889, 894 (6th Cir. 2021)). Thus, according to Defendants, both reasons offered by Plaintiff to excuse his failure to effect service are without merit.

The Sixth Circuit has held that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) and *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). Absent "personal jurisdiction, a federal court is powerless to proceed to an adjudication." *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (quoting *King*, 694 F.3d at 655) (internal quotation marks omitted)); *see also Chulsky v. Golden Corral Corp.*, No. 1:19-CV-875, 2022 WL 293340, at *4 (S.D. Ohio Feb. 1, 2022) ("If a court lacks personal jurisdiction over a party, for

example, a court is powerless to take further action against that party.") (collecting cases) (internal quotations omitted).

Rule 4 of the Federal Rules of Civil Procedure governs the timeline for effecting proper service. Rule 4(c)(1) instructs that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*In re Ohio Execution Protocol Litig.*, 370 F. Supp. 3d 812, 816 (S.D. Ohio 2019) (quoting Rule 4(m)). Before 1982, "Rule 4 did not specify a time period within which process had to be served after the complaint was filed." *Peters v. E.W. Bliss Co., A Div. of Gulf & W.*, 100 F.R.D. 341, 343 (E.D. Pa. 1983). Instead, "Courts … inquire[d] on an ad hoc basis whether plaintiff exercised due diligence and whether the delay substantially prejudiced the defendant." *Id.* (citing *H. Alpers & Associates*, 62 F.R.D. at 411 (E.D. Pa.1974); *see also* Kent Sinclair, *Service of Process: Rethinking the Theory and Procedure of Serving Process Under Federal Rule 4(c)*, 73 Va. L. Rev. 1183, 1216 (1987). Since then, the due diligence and prejudiced based inquiry was replaced, in part, by an explicit timeline. Congress then reduced that timeline from 120 days to 90 in 2015. *See* Advisory Committee Notes to Fed. R. Civ. P. 4, 2015 amendment ("Subdivision (m). The presumptive time for serving a defendant is reduced from 120 days to 90 days.").

Rule 4 also governs the Court's response when service is not made by the 90-day deadline. In such circumstances, Rule 4 mandates the Court either: (1) dismiss without prejudice; (2) order that service be made within a specified time; or (3) if Plaintiff shows good cause, extend service

for an appropriate period.  *See* Fed. R. Civ. P. 4(m).  Thus, absent good cause, the Court is empowered with the discretion to either dismiss without prejudice or set a new, extended deadline for service.  *Becker v. Singh*, No. 2:20-CV-220, 2020 WL 1969290, at *2 (S.D. Ohio Apr. 24, 2020) (quoting *Greene v. Venatter*, No. 2:13-CV-00345, 2014 WL 559154, at *2 (S.D. Ohio Feb. 11, 2014) and *Davidson v. Weltman, Weinberg & Reis*, 285 F. Supp. 2d 1093, 1095 (S.D. Ohio 2003)) ("A plain reading of these two clauses shows the district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause.").  This reading of the rule is reflected in the Sixth Circuit's and Southern District's decisional law.

In *Rose v. Bersa*, for example, the Court illustrated the mechanics of the 4(m) inquiry. "Rule 4(m) requires the district court to undertake a two-part analysis." 327 F.R.D. 628, 634 (S.D. Ohio 2018).  Under part 1, "the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then the court shall extend the time for service for an appropriate period." *Id.* (citing *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) and Fed. R. Civ. P. 4(m) (internal quotations omitted)).  Next, "if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. In other words, the court has discretion to permit late service even absent a showing of good cause." *Id.* (citing *Stewart*, 2000 WL 1785749, at *1); *see also Osborne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003).  Assuming this analysis applies in cases where the plaintiff is seeking a successive continuance to effect service, the first question is whether the plaintiff has shown good cause.  If so, the District Court ***must*** enlarge the time to serve. Yet, if good cause is lacking, the decision whether to dismiss or extend

the time is left to the discretion of the District Court. *See Rose*, 327 F.R.D. at 634 (citing *Stewart*, 2000 WL 1785749, at *1).

In any case, the plain language of Rule 4 illustrates that the burden of demonstrating good cause is placed squarely on the plaintiff. Fed. R. Civ. P. 4(m); *see Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006); *see also Chulsky*, --- F. Supp. 3d. ---, 2022 WL 293340, at *3 (S.D. Ohio Feb. 1, 2022) ("the burden is on the party asserting the validity of service to demonstrate that service on the moving party satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.") (internal quotations and citations omitted). This burden is satisfied when a plaintiff demonstrates she made a "'reasonable, diligent effort to timely effect service of process.'" *Mitchem v. Hankins*, 339 F.R.D. 129, 130 (E.D. Ky. 2021). In this way, the good cause exception preserves the former due-diligence inquiry governing pre-explicit time-limit cases. *See e.g., H. Alpers & Associates*, 62 F.R.D. at 411 (E.D. Pa. 1974). Decisional law in the Sixth Circuit helpfully provides further guidance on determining when plaintiffs fail to meet this "good cause" threshold.

Courts in the Sixth Circuit have found that certain proffered reasons fail to satisfy the good cause standard. The Sixth Circuit has held that "actual knowledge [of an] action" is insufficient to show good cause. *See Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (finding that despite actual knowledge good cause was not demonstrated) (citing *Omni Capital Int'l v. Rudolf Wolff & Co., LTD.*, 484 U.S. 97, 104 (1987)) (other citations omitted). Additionally, mere "lack of prejudice," and "[m]istake of counsel or ignorance of the rules" are not enough. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (citing *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006) (relying on *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). *See also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623

(6th Cir. 2004) ("Actual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4."); *Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 761 (M.D. Tenn. 2021). Taken together, these considered and rejected excuses demonstrate that the "substantial prejudice to defendant" inquiry of the pre-1982 version of Rule 4 is no longer a prerequisite to dismissal. Furthermore, "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman*, 929 F.2d at 1157; *Becker v. Singh*, No. 2:20-CV-220, 2020 WL 1969290, at *3 (S.D. Ohio Apr. 24, 2020).

Generally, when this Court enlarges the time to effect service, it also sets a deadline that if Plaintiff misses "will result in the dismissal of the complaint." *Becker v. Singh*, No. 2:20-CV-220, 2020 WL 1969290, at *3 (S.D. Ohio Apr. 24, 2020); *Greene v. Venatter*, No. 2:13-CV-00345, 2014 WL 559154, at *1 (S.D. Ohio Feb. 11, 2014) (warning Plaintiff that a "failure to effect proper service within" the enlarged time would "result in the dismissal of the complaint."); *Rose v. Bersa*, 327 F.R.D. 628, 633 (S.D. Ohio 2018) (same); *Ohio State Plumbers & Pipefitters Health & Welfare Fund v. Absolute Air, Inc.*, No. 2:10-CV-000228, 2010 WL 3447562, at *2 (S.D. Ohio Aug. 27, 2010) (same); *Cooper v. Wamsley*, No. 2:18-CV-34, 2018 WL 840108, at *3 (S.D. Ohio Feb. 12, 2018), *report and recommendation adopted*, No. 2:18-CV-34, 2018 WL 1304960 (S.D. Ohio Mar. 13, 2018) (same); *see also Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) (same).

Additionally, Rule 4(i) provides added guidance when the United States, its Agencies, Corporations, Officers, or Employees must be served. *See* Fed. R. Civ. P. 4(i). Specifically, Rule 4(i)(4) provides that "[t]he Court must allow a party a reasonable time to cure its failure to:

> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

> (B) serve the United States under Rule 4(i)(3), if the party has served
> the United States officer or employee.

Fed. R. Civ. P. 4(i)(4)(A)-(B).  Rule 4(i)(4), then, functions as a particular species of good cause when the United States or certain affiliates must be served.  *See* Fed. R. Civ. P. 4(i)(4)(A)-(B). Under 4(i)(4), the rule requires flexibility—an additional, reasonable amount of time—if the party mistakenly serves the wrong entity.  Considered alongside 4(m), Rule 4(i) provides an independent basis to extend the time for service when the United States or certain affiliates must be served.

Even if Rule 4 does not provide a basis for extending the time for service, a plaintiff may demonstrate that the defendant waived her 12(b) defenses concerning service or personal jurisdiction or otherwise generally waived personal jurisdiction.  Concerning certain rule 12 defenses, it is well settled that "[a]ny time a defendant makes a pre-answer Rule 12 motion, he or she must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b)."  *Radici Plastics USA, Inc. v. Fischbach USA*, Inc., No. 1:12-CV-00167, 2012 WL 1854741, at *2 (N.D. Ohio May 21, 2012) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1391 (3d ed. 2010)).  Additionally, "to preserve her personal jurisdiction defense …, a defendant must comply with Rule 12, which requires only that she include her defenses in her first responsive pleading." *Blessing v. Chandrasekhar*, 988 F.3d 889, 899 (6th Cir. 2021).  Yet, a "defendant may waive her defense if the district court, after 'consider[ing] all of the relevant circumstances … determines that the defendant's litigation conduct gave the plaintiff a "reasonable expectation" that the defendant intended to "defend the suit on the merits" or the conduct "cause[d] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Id.* (citing *Gerber*, 649 F.3d at 519 and *King*, 694 F.3d at 659).  "Filing a notice of appearance does not, on its own," however, "cause a defendant to waive her personal jurisdiction defense." *Id.* at 894.

15

Plaintiff filed his Complaint on October 12, 2020.  (ECF No. 1).  Absent extension by the Court, Plaintiff had until January 11, 2021, to effect service of process consistent with Federal Rule of Procedure 4(m).[1]  As of the 90-day deadline, Plaintiff had not only failed to effect service, but he had not even requested the issuance of a summons from the clerk of court as is required under Rule 4(b).  (*See* ECF Nos. 3–6).  *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.").  Because Plaintiff failed to serve Defendants within the 90-day deadline and never invoked any special exception in Rule 4(i)(4) that may arise when the United States is a defendant, the Court had three options: (1) dismiss without prejudice; (2) order that service be made within a specified time; or (3) if Plaintiff shows good cause, extend service for an appropriate period.  *See* Fed. R. Civ. P. 4(m).

In response to Plaintiff's first missed deadline, the Court chose a path that struck a balance between alternatives.  Rather than dismissing outright, Magistrate Judge Deavers issued a show cause order.  (ECF No. 2).  The Order afforded Plaintiff an opportunity to demonstrate good cause and in turn, to secure an appropriate amount of additional time for service.  (*See id.*).  As ordered, Plaintiff filed his Motion to Show Just Cause for Enlargement of Time to Obtain Service.  (ECF No. 8).  There, Plaintiff conceded that service of process had not been completed as required by Rule 4. As for why, counsel explained that he was "unacquainted with the *new* shortened service rule."  (*Id.* at 1) (emphasis added).  Plaintiff also represented that he was "under the impression that subpoenas would be automatically generated by the ECF system." (*Id.*).  Plaintiff then offered several reasons why he thought an extension to Rule 4(m)'s 90-day rule would be appropriate under the circumstances.  (*Id.*).  Magistrate Judge Deavers found that Plaintiff demonstrated good cause and ordered Plaintiff effect service within 90 days; the new deadline was April 28, 2021.

---

[1] This was the first business day following the expiration of the ninety-day period.

16

(ECF No. 9 at 2).  Despite the timeline for proper service being doubled, Plaintiff missed this deadline as well.  The next day, Defendants filed their Motion to Dismiss.  (ECF No. 11).

As a threshold matter, the shortened service rule Plaintiff describes as new went into effect five years before the case was filed. *See* Advisory Committee Notes to Fed. R. Civ. P. 4, 2015 amendment.  Defendants were not served until May 24 and May 25, 2021, respectively – more than 220 days after he filed his Complaint.  Not only did Plaintiff miss both the rule-based and court-ordered deadlines, but he did so flagrantly.  Thus, Plaintiff has not properly served Defendants.  Assuming the "good cause" analysis applies to situations where a plaintiff has already been granted a continuance to effect service, Plaintiff cannot satisfy this burden.

Both of Plaintiff's justifications for his inability to comply with the Court-ordered deadline for proper service fall short of good cause.  First, lack of harm or prejudice has been explicitly rejected by the Sixth Circuit.  *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (citing *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006) (relying on *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). *See also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004) ("Actual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4."); *Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 761 (M.D. Tenn. 2021).  Second, filing a notice of appearance—something the Defendants did not do in this case—"does not, on its own cause a defendant to waive her personal jurisdiction defense." *Blessing*, 988 F.3d at 894.  It follows, then, that if a entering a general appearance in a case does not waive a personal jurisdiction defense, then simply filing a motion to dismiss, on its own, also cannot constitute waiver.  *See id.*  Although Plaintiff is attempting to assert a slightly different proposition—appearing in a case constitutes waiver of proper service—the same logic applies.  Indeed, adopting Plaintiff's conception of the rule would make it impossible for

17

Defendants' to ever assert a personal jurisdiction or insufficient service of process defense in any case, because the assertion of the defense (*e.g.*, filing a motion to dismiss) would render that defense waived. The consequences of such a rule illustrate the absurdity of the proposition.

Because Plaintiff's argument for waiver and good cause fail, "the Court must either (1) dismiss the action or (2) direct that service be effected within a specified time." Fed. Civ. P. 4(m). In these instances, the decision whether to dismiss or extend the time is left to the discretion of the District Court. *See Rose*, 327 F.R.D. at 634 (citing *Stewart*, 2000 WL 1785749, at *1). Having availed itself of option two, which Plaintiff subsequently defied, this Court is not inclined to extend further the timeline for proper service. Moreover, Plaintiff's noncompliance with a Court Order as well as this Court's general practice of dismissing cases where the Plaintiff fails to effect proper service more than once, easily dispenses with any concerns regarding notice. As such, Defendants' Motion to Dismiss on this ground is **GRANTED**. Accordingly, the Court need not reach the Defendants' Motion to Dismiss under Rule 12(b)(6).

## IV.     CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Dismiss pursuant to 12(b)(1); **GRANTS** Defendants' Motion to Dismiss pursuant to 12(b)(5); **DENIES as MOOT WITHOUT PREJUDICE** Defendants' Motion to Dismiss pursuant to 12(b)(6) (*Id.*). This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 29, 2022**

18